## IN RE GOLD.

PATENTS; PATENTABILITY.

1. The inventor of a machine is entitled to the benefit of all of the uses to which it can be put, whether he conceived the idea of the use or not.

2. An application for a patent for an improvement in car-heating apparatus consisting of the combination with a train pipe and a radiator in the car with an intervening admission valve and an outlet valve at the discharge from the radiator; of thermostatic means for controlling the valves and manually operated means for rendering either valve inoperative, whereby the heating system was convertible at will into an admission-pipe-pressure system or an atmospheric-pressure system,—was *held* to be anticipated by a patent for a similar invention differing from that of the applicant principally in the regulation of the valves, the applicant regulating them by a handle, the extent of the movement of which being indicated on a dial, while the device of the patentee contained a thumb screw, the extent of the movement of which was regulated by adjustable jam nuts, which, if mechanically adjusted, would permit the device to be ·converted as rapidly as that of the applicant; and another patent disclosing a car-heating system in which the inlet and outlet valves were operated by a thermostat located beyond the outlet valve in the path of the radiator discharge and subject to the temperature of the atmosphere outside of the car. (Following *Re Gold*, 38 App. D. C. 544, and citing *Gold* v. *Gold*, 34 App. D. C. 229.)

3. A patent may be valid as a reference to an application, although it only covers certain features of the applicant's invention.

No. 1031. Patent Appeals. Submitted May 9, 1916. Decided May 22, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting appellant's claims for a patent.

*Affirmed.*

The facts are stated in the opinion.

*Mr. William A. Redding* and *Mr. Arthur C. Fraser* for the appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal, by Edward E. Gold, is from the decision of the Commissioner of Patents rejecting applicant's claims for patent, of which the following are illustrative:

"1. In a car-heating apparatus, the combination with a train pipe and a radiator in the car with an intervening admission valve, and an outlet valve at the discharge from the radiator, of thermostatic means for controlling said valves, and manually operated means for rendering either valve inoperative whereby the heating system is convertible at will into an admission-pipe-pressure system or an atmospheric-pressure system."

"3. In a car-heating apparatus, the combination with a train pipe and a radiator in the car with an intervening admission valve, and an outlet valve at the discharge from the radiator, of thermostatic means for operating said valves located below the car in the path of the radiator discharge and subject to the temperature of said discharge and of the atmosphere outside of the car, and manually operated means for determining the control of one or the other of said valves by said thermostatic means, whereby the heating system is convertible at will into an admission-pipe-pressure system or an atmospheric-pressure system."

"8. In a car-heating apparatus, the combination with a train pipe and a radiator in the car, with an intervening admission valve, and an outlet valve at the discharge from the radiator, of a single thermostat with connections for controlling either of said valves alone, and manually operated means for determining which valve shall be controlled by said thermostat, comprising a handle movable between indicating marks corresponding respectively to the position for maintaining admission-pipe pressure and to the position for maintaining atmospheric pressure, whereby the system is convertible at will from either condition to the other without requiring adjustment."

Each of the tribunals of the Patent Office held the claims unpatentable in view of a patent to one Weber, issued May 14, 1899. Other patents are cited, but they are pertinent only as

to minor details. The present case belongs to a long series of litigation in the Patent Office and this court. During the pendency of an interference between this applicant and one Fulton, involving the present invention, a demonstration of the Weber patent was made at Jersey City, New Jersey, at which the Primary Examiner in charge of applications in this art in the Patent Office was present. The Examiner embraced his conclusions in an affidavit which appears in this record and has figured extensively in the other litigation to which reference has been made.

Since the Jersey City demonstration of the Weber structure in December, 1910, this invention has been held unpatentable on the strength of the Weber patent six successive times,—by the three tribunals below in the Fulton-Gold case, and by the same tribunals in the present *ex parte* proceeding by Gold. The issue of the Fulton-Gold interference was as follows:

"In combination, an admission pipe carrying a supply of steam at a pressure greater than atmospheric, and a steam-heating system including an admission valve and an exhaust valve, both under automatic control by a single controller, and means for converting said system into an admission-pipe-pressure system or an atmospheric-pressure system at will."

Substantially the same invention in terms of process, instead of apparatus, was before this court in interference in the case of *Gold* v. *Gold,* 34 App. D. C. 229, in which we affirmed the Commissioner in awarding priority to Edward E. Gold, the present applicant. Egbert H. Gold then prosecuted his claims for patent *ex parte.* The claims were rejected by all the tribunals of the Patent Office, and, on appeal, by this court. *Re Gold,* 38 App. D. C. 544. In each case the rejection turned on the Weber patent.

In matter of adjustment the Weber structure and the one before us are very similar. Each contains an inlet and an outlet valve, and each is controlled by a single thermostat at the exhaust end of the system. Each operates the withdrawal of the valves from the control of the thermostat action by means of

screws. Appellant regulates the operation of the valves by a handle the extent of the movement of which is indicated on a dial; while the Weber structure shows a thumb screw, the extent of the movement of which is regulated by adjustable jam nuts shown in the drawing and referred to in the Examiner's affidavit of what was disclosed in the Jersey City test. Indeed, appellant's claim to patentability resolves itself to the admission of his counsel that "the distinctive feature of appellant's invention is that the apparatus is convertible by a simple and practically instantaneous operation from the one extreme condition to the other." With the jam nuts mechanically adjusted, the conversion may be operated with equal rapidity in the Weber device.

Stress, however, is laid upon the fact that in the applicant's device the thermostat is located beyond the outlet valve in the path of the radiator discharge and subject to the temperature of the atmosphere outside of the car. This point is conclusively disposed of by the Board of Examiners in Chief, as follows: "The patent to McElroy (April 7, 1908) discloses a car-heating system in which the inlet and outlet valves are operated by a thermostat which is located beyond the outlet valve in the path of the radiator discharge and subject to the temperature of the atmosphere outside of the car. It is believed that claims 4 and 5 set forth nothing which is inventive in view of Weber, taken in connection with McElroy. The applicant points out that the McElroy patent alone does not satisfy these claims, but this does not invalidate the same as a reference. The question is whether the addition to the Weber construction of the special features above mentioned which are disclosed by McElroy would amount to invention. We find no basis for the conclusion that it would."

Applicant has attempted to overcome the ruling of this court in the Egbert H. Gold case by some additional affidavits as to Weber's patent and his claims as distinguished from the claims before us, in that Weber did not have in mind an interconvertible system. This is not important. "A patentee who is the

first to make an invention is entitled to his claim for all the uses and advantages which belong to it." *Stow* v. *Chicago,* 104 U. S. 547, 550, 26 L. ed. 816, 817. It was also said in *Roberts* v. *Ryer,* 91 U. S. 150, 157, 23 L. ed. 267, 270, that "it is no new invention to use an old machine for a new purpose. The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not."

The tribunals below were unanimous in holding the claims anticipated by the Weber patent. The issue here is not substantially different from the case of *Re Gold,* supra, where we held the Egbert H. Gold claim anticipated by the Weber structure as disclosed in the Jersey City test. The decision in that case must be held as controlling here.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                                              *Affirmed.*